UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| JORGE RAMIREZ ROBLES, | ) | No. CV 10-6701-CW |
| | ) | |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
|_____| ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of supplemental security income. As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further administrative proceedings consistent with this opinion.

**I.   BACKGROUND**

Plaintiff Jorge Ramirez Robles was born on March 16, 1964, and was forty-four years old at the time of his latest administrative hearing. [Administrative Record ("AR") 56.] He has a sixth-grade

1

education and past work experience as an agricultural field worker. [AR 58, 18.] Plaintiff alleges disability due to hypertension, bone pain, headaches, and complications resulting from a 2001 kidney transplant. [AR 16.]

## II. PROCEEDINGS IN THIS COURT

On June 8, 2011, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party. This matter has been taken under submission without oral argument.

## III. PRIOR ADMINISTRATIVE PROCEEDINGS

Relevant to this case, on August 31, 2006, Plaintiff filed an application for supplemental security income benefits alleging disability beginning February 1, 2001. [AR 43-45.] After the application was denied initially and upon reconsideration, Plaintiff requested an administrative hearing, which was held on June 25, 2008, before Administrative Law Judge ("ALJ") Gail Reich. [AR 25.] Plaintiff appeared with counsel, and testimony was taken from Plaintiff, medical expert ("ME") Dr. Thomas Maxwell, and vocational expert ("VE") Nick Corso. [AR 54.] The ALJ denied benefits in an administrative decision dated September 4, 2008. [AR 25.] When the Appeals Council denied review on July 28, 2010, the ALJ's decision became the Commissioner's final decision. [AR 1-7.] This action followed.

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence. However, if the

court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

## V. DISCUSSION

### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age,

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155

education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.    THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 31, 2006, the application date (step one); that Plaintiff had a "severe" impairment, namely status post-kidney transplant, hypertension, and a missing finger on the right hand (step two); and that Plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 18-21.]  The ALJ found that Plaintiff had a RFC (step four) to perform a full range of "medium" level work. [AR 22.] Accordingly, the ALJ found Plaintiff not "disabled" as defined by the Act.  [AR 25.]

**C.    ISSUES IN DISPUTE**

The Joint Stipulation identifies three disputed issues, whether the ALJ properly considered:

1.   The opinion of the medical expert;

2.   Plaintiff's testimony concerning his subjective symptoms; and

3.   The impairment presented by Plaintiff's missing right finger, and whether Plaintiff's diminished ability satisfies the ALJ's finding that he can perform "a full range of medium work."

[Joint Stipulation "JS" 3.]

---

n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a nonexertional limitation.  Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

1       **D. ISSUE ONE: MEDICAL EXPERT'S OPINION**

2     Plaintiff first contends the ALJ materially erred in failing to
3 adequately consider the testimony of medical expert Thomas Maxwell. A
4 review of the record and hearing decision indicates the ALJ did not
5 err in this determination.

6     Prior to the administrative hearing, Dr. Maxwell reviewed
7 Plaintiff's medical record at the request of the ALJ. When asked by
8 the ALJ whether Plaintiff's impairments "either singly or in
9 combination, meet or equal a listing," Dr. Maxwell responded:

10     I believe so. Certainly the 6.02(b) obviously is an
11     automatic after a kidney transplantation for an automatic
12     one year after disability. Thereafter, it becomes a little
13     less clear because the listing refers to 6.00(e),
14     specifically (e)(2). And there I think the pertinent
15     category would be (b), side effects of immunosuppressants,
16     including corticosteroids. In other words, the [plainitff]
17     in his testimony and in the record demonstrates myriad side
18     effects that are well-known for the medications that he's
19     taking, such things as balance problems, headaches,
20     weakness, paresthesias, difficulty urinating, fatigue.
21     Having said that, if for some reason it – since the
22     listing's – in my opinion, it's not one of the easiest to
23     follow listings, he would be, in my opinion less than
24     sedentary.
25 [AR 68.]

26     Plaintiff argues the ALJ erred by failing to credit this
27 testimony, which arguably provides support for a finding of
28 Plaintiff's disability under Listing 6.02.

State agency medical consultants are "highly qualified physicians" who are also "experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(f)(2), 416.927(f)(2). Consequently, "findings of fact made by State agency medical and psychological consultants . . . regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources." SSR 96-6p. The ALJ "may not ignore these opinions and must explain the weight given to these opinions in the[] decision[]." Id. See also 20 C.F.R. §§ 404.1527(f)(2), 416.927(f)(2). Nonetheless, greater weight is typically accorded to the opinion of an examining physician than a non-examining physician. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing 20 C.F.R. § 416.927(d)(1)).

Here, after setting out a detailed explanation of the medical record as a whole, the ALJ ultimately declined to adopt Dr. Maxwell's opinion on the basis that it appeared to be based entirely on Plaintiff's subjective complaints and was at odds with all other medical evidence of record. This was not materially in error.

First, with respect to the medical record, examining physician Alex Bloom, M.D., concluded Plaintiff was "doing well in terms of renal function" and had no "major physical difficulties," other than relatively benign ailments. [AR 195-98.] Notwithstanding occasional complaints of pain or problems, overall the reports of Plaintiff's treating physicians indicate routine treatment and monitoring of health conditions. [AR 168-81, 211-40, 346-55, 287-309, 312-345.] Indeed, treating nephrologist Eben Feinstein, M.D., opined in May 2004

that Plaintiff would be disabled due to his kidney impairment only from that May until December 2004 – a seven month period. [AR 287.] And Dr. Feinstein referred to Plaintiff as "stable," "doing very well," "happy," and as having "labs that are almost completely normal," after several visits. [See AR 287-309, 312-45.] Thus, the overwhelming medical evidence comports with the ALJ's finding. To the extent there is a conflict, however, the ALJ is required to give specific reasons for ultimate resolution of the conflict. See Andrews v. Shalala, 53 F.3d at 1042. She amply met that standard here. By citing to these records in detail [see AR 18-21] and making "full and detailed findings of the facts essential to" the ALJ's ultimate determination that Plaintiff's impairments did not meet or equal a listing for any twelve month period, the ALJ provided legally sufficient reasons to reject Dr. Maxwell's testimony. See Lewin v. Schweiker, 654 F.2d 631, 634-35 (9th Cir. 1981).

Furthermore, to the extent the ALJ found Dr. Maxwell's opinion should be discounted as based largely on Plaintiff's subjective complaints, this finding likewise was not in error. A physician's opinion premised "to a large extent" upon the accounts of a plaintiff whose credibility has properly been rejected may itself be disregarded. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999). In Tonapetyan v. Halter, a claimant similarly alleged that an ALJ had improperly rejected the testimony of an examining physician in favor of other medical evidence. 242 F.3d at 1148. The court held that the examining physician's opinion was conclusory, brief and unsupported by clinical findings. The court

then affirmed the rejection of the testimony as it was dependent "only on [the claimant]'s subjective complaints and on testing within [the claimant]'s control." Id. at 1149. Similarly, the ALJ here found Dr. Maxwell's testimony relating to side effects was based primarily on the subjective complaints of Plaintiff, who is not credible and whose testimony conflicts with the medical record as a whole.

Reversal is not warranted with respect to this issue.

**E.     ISSUE TWO: CREDIBILITY FINDING**

The second issue centers on whether the ALJ erred in assessing the Plaintiff's credibility. Plaintiff's arguments are unpersuasive in this regard.

An ALJ must set forth specific and cogent reasons for disregarding a plaintiff's testimony. Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). The findings must be sufficiently specific that a reviewing court may "'conclude that the ALJ did not arbitrarily discredit [the plaintiff's] testimony.'" Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008)(quoting Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002)).

If there is no affirmative evidence that the plaintiff is malingering, the ALJ must provide clear and convincing reasons for rejecting his testimony regarding the severity of symptoms. Carmickle v. Comm'r of Social Sec. Admin., 533 F.3d 1155, 1160 (9th Cir. 2008); Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).

In assessing the credibility of a claimant, the ALJ may use "ordinary techniques of credibility evaluation," and may consider factors such as a (1) lack of medical support for the degree of

disability alleged, and (2) statements made by the claimant which are inconsistent with the record. Tonapetyan, 242 F.3d at 1148; Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

Here, the ALJ offered multiple, legally sufficient reasons for declining to credit plaintiff's subjective statements.

After summarizing Plaintiff's allegations, first, the ALJ found that the bulk of the medical evidence either indicates Plaintiff is stable and doing well or contradicts particular of his subjective complaints. These findings are amply supported by the record and this is a proper credibility consideration. Burch v. Barnhart, 400 F.3d at 681. [See AR 164-65, 166, 195-98, 199, 201-206, 209, 287-309, 312-45, 346-55.]

Second, the ALJ found Plaintiff's credibility is undermined by his contradictory statements regarding his facility with the English language. Plaintiff stipulated on a disability report, for example, that he could neither speak nor understand English. [AR 127.] On the same form, he also indicated he could "write more than [his] name" in English. [Id.] At the ALJ hearing, Plaintiff testified to have taken and passed both his naturalization and driver's license examinations in English. [Id. at 57.] Plaintiff contends that his earlier indication that he could write "more than [his] name" in English is compatible with this testimony. However, it is not reasonable to conclude Plaintiff could have passed both his naturalization and driver's license examinations without understanding the content of those tests. Plaintiff's test-taking ability and his facility in responding to questions at the ALJ hearing conflict with his earlier

10

contention that he could not understand English. [AR 23.] Although Plaintiff may disagree with the interpretation proposed by the ALJ, because it is rational and supported the court may not overturn it. Burch v. Barnhart, 400 F.3d at 680.

Third, the ALJ found Plaintiff's testimony about his daily activities ran counter to other statements he made about his limitations. For example, Plaintiff testified he could perform only limited daily activities, but he also indicated he cooks, shops, walks every day, goes to church, socializes, drives, uses public transportation, cares for children. [AR 59-61, 209.] When testimony regarding daily activities conflicts with other statements by a plaintiff, this may properly form the basis of an adverse credibility determination. Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007).

Finally, the ALJ observed Plaintiff's behavior at the hearing conflicted with allegations of disabling fatigue because his mind did not wander and he answered all questions alertly and appropriately. AR 22-23.] While an ALJ's observations may not form the sole basis for discrediting a plaintiff's testimony, they may properly be used in the overall evaluation. Orn v. Astrue, 495 F.3d at 639-40.

In sum, when, as here, the ALJ's credibility determination is reasonable and supported, it is not the court's role to second-guess it. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Reversal is not warranted on this basis.

////

////

////

**E. ISSUE THREE: CONSIDERATION OF MISSING FINGER IMPAIRMENT AND DETERMINATION OF "MEDIUM WORK" ABILITY**

Plaintiff's third claim includes two components, the second of which mandates remand.

The crux of this issue is Plaintiff's claim that the ALJ erred because fingering limitations occasioned by his missing finger preclude him from doing "medium work." This contention is unpersuasive. To the extent the ALJ opined Plaintiff retains the RFC to do "a full range of medium work," the difficulties presented by Plaintiff's missing digit are not incompatible with such a finding. The CFR sections which define "medium work" encompass the following:

> Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.

20 C.F.R. §§ 404.1567, 416.967. This is echoed by Social Security Ruling 83-10, which includes the same exertional requirements and expands upon this definition in noting that medium work requires a Plaintiff to "grasp, hold, and turn objects." See SSR 83-10. Although the ALJ found Plaintiff is unable to make fine or precise use of his hands and fingers, this is not an element of medium work. SSR 83-10; 20 C.F.R. 404.1567. The record does not suggest Plaintiff's missing finger would affect his ability to lift 25 or 50 pounds.

Nonetheless, remand is warranted on Issue Three due to an internal inconsistency in the hearing decision. In his findings, the ALJ concludes Plaintiff is able to do a "full range of medium work." [AR 24.] This is consistent with the findings of Dr. Bloom and the

12

state agency physician – upon whose reports the ALJ stated his finding was based – who opined Plaintiff remains able to, among other things, lift and carry 25 pounds frequently and 50 pounds occasionally. [AR 202, 310.] In the body of the hearing decision, however, the ALJ states Plaintiff is able to lift and carry 25 pounds frequently and only 25 pounds occasionally. [AR 24.] Such a finding would preclude Plaintiff from performing a full range of medium work, and it is not clear whether a person with Plaintiff's fingering limitations and such an RFC would be able to perform work that exists in significant numbers in the national economy.

Accordingly, because it is unclear what RFC was ultimately assessed, reversal is warranted.

### F. REMAND FOR FURTHER PROCEEDINGS

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id., 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). When, however, there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id.

Here, it is unclear what RFC was ultimately assessed and whether significant numbers of jobs would exist for someone with Plaintiff's

capacities.  Accordingly, outstanding issues remain before a finding of disability can be made and remand for further administrative proceedings is appropriate.

### VI.  ORDERS

Accordingly, **IT IS ORDERED** that:

    1.  The decision of the Commissioner is **REVERSED**.

    2.  This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings consistent with the above.

DATED: August 5, 2011



                          CARLA M. WOEHRLE
               United States Magistrate Judge